UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE AMALGAMATED NATIONAL
HEALTH FUND,

        Plaintiffs,

-against-   **COMPLAINT**

DURO TEXTILES, LLC d/b/a DURO FINISHING,

        Defendant.

Plaintiffs, by their attorney David C. Sapp, Esq. complaining of Defendant Duro Textiles, LLC d/b/a Duro Finishing, respectfully allege as follows:

## NATURE OF ACTION

1.    This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3.    Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4.  Plaintiff Amalgamated National Health Fund ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health Fund maintains its principal administrative offices at 333 Westchester Avenue, White Plains, New York 10604, which is located within the Southern District of New York.

5.  Upon information and belief, at all relevant times herein, Defendant is a Delaware corporation authorized to do business in Massachusetts and having or having had its principal place of business at 110 Chace Street, Fall River, Massachusetts 02724.

6.  UNITE HERE New England Joint Board and Local Union 1226T (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, at all times material hereto, Defendant was a party to a Collective Bargaining Agreement with the Union ("Bargaining Agreement"), which obligated Defendant to make contributions to the Health Fund. Upon information and belief, employee benefit fund contributions to the Health Fund were and are due to be paid by Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

7.  Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "6" of this Complaint with the same force and effect as if set forth herein.

8.  Upon information and belief, contributions to the Health Fund from Defendant in the principal amount of $44,832.00 for the months of May 2016 through and including August

2016 have not been made and are now due and owing. By reason therefore, Defendant is liable for contributions to Plaintiff Health Fund in the principal amount of $44,832.00 for the period stated.

9. Plaintiff Health Fund is entitled to collect interest on the outstanding delinquent contributions from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Health Fund's rules and regulations.

10. Plaintiff Health Fund is entitled to collect liquidated damages, attorneys' fees, and costs from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Health Fund's rules and regulations.

## AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES AGAINST DEFENDANT

11. Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "10" of this Complaint with the same force and effect as if set forth at length herein.

12. Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Health Fund in accordance with the terms and conditions of the Health Fund's Agreement and Declaration of Trust and the Bargaining Agreement between Defendant and the Union unless restrained by the Court.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Amalgamated National Health Fund the sum of $44,832.00; and

b. Directing Defendant to pay to the Amalgamated National Health Fund interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Health Fund, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

c. Directing Defendant to pay to the Amalgamated National Health Fund liquidated damages, to be computed at a rate as prescribed by the Health Fund, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii); and

d. Directing Defendant to pay to the Amalgamated National Health Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

e. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the Amalgamated National Health Fund, and ordering Defendant to make such contributions in accordance with the terms and conditions of the Health Fund's rules and regulations and the Bargaining Agreement between Defendant and the Union; and

f.  Granting such other legal and equitable relief as the Court deems appropriate.

Dated: November 11, 2016.
White Plains, New York

**TRUSTEES OF THE AMALGAMATED
NATIONAL HEALTH FUND, Plaintiffs**

By: _____
David C. Sapp, Esq. (DS 5781)

*Attorney for Plaintiffs*

Alicare, Inc. – Fund Administrator
333 Westchester Avenue
North Building – First Floor
White Plains, New York 10604
Phone: (914) 367-5576
Fax: (914) 367-2576
dsapp@amalgamatedlife.com

5